UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

CHRISTINA SERIO,

       Plaintiff,
v.

FLORISCAPE, LLC, a Florida limited
liability company, DAVID B. BAKER, an individual,
and JENNIFER R. BAKER, an individual,

       Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

CHRISTINA SERIO, ("SERIO"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, FLORISCAPE, LLC, a Florida limited liability company (hereinafter, "FLORISCAPE"), DAVID B. BAKER ("hereinafter, "DB"), and JENNIFER R. BAKER (hereinafter, "JB"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, FLORISCAPE operated a lawn maintenance business and was engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, FLORISCAPE, JB and DB operated a lawn maintenance and landscaping company. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce. This included tools, chemicals, fertilizer, equipment and machinery used from cutting, spraying and landscaping that were manufactured outside the State of Florida.

4. During all times during Plaintiff's employment with the Defendants, the Defendants employed at least five (5) employees who were engaged in interstate commerce, or who were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any other person. This included tools, chemicals, fertilizer, equipment and machinery used from cutting, spraying and landscaping that were manufactured outside the State of Florida.

5. During the period of the Plaintiff's employment, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

**VENUE**

8. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida

    and,

    b.    Defendants were and continue to be companies and an individual doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, corporate Defendants, FLORISCAPE, DB and JB, were conducting business in Pasco and Pinellas County, within the State of Florida.

11. At all times material hereto, Defendants, FLORISCAPE, JB and DB, were the employers of Plaintiff, SERIO.

12. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

13. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, SERIO her lawfully earned wages in conformance with the FLSA.

14. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendants, FLORISCAPE operated an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, SERIO was directly essential to the business performed by Defendants.

17. Plaintiff, SERIO has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. On or about June 20, 2016, Plaintiff, SERIO was hired by the Defendants to work as a laborer. Her employment ended on or about March 17, 2020.

19. Plaintiff, SERIO was paid $15.00 per hour as a regular hourly rate for working as a laborer.

20. Plaintiff, SERIO was not paid time-and-one-half her regular hourly rate of pay for many of her hours in excess of forty in each week.

21. Defendants knowingly and willfully operated their businesses with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

22. During all times material hereto, the Defendants DB and JB were involved in decisions affecting employee compensation, including the Plaintiff.

23. During all times material hereto, the Defendants DB and JB were involved in the day to day operations of FLORISCAPE and for the supervision of the Plaintiff.

24. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

25. Plaintiff, SERIO repeats and realleges Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff, SERIO's employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

27. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours. Plaintiff, SERIO was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

28. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, SERIO intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

29. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, SERIO at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

30. Defendants failed to properly disclose or apprise Plaintiff, SERIO of her rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, SERIO is entitled to liquidated damages pursuant to the FLSA.

32. Due to the willful and unlawful actions of the Defendants, Plaintiff, SERIO has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

33. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, SERIO respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: June 12, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:   s/. Peter Bober, Esq.
      PETER BOBER
      FBN: 0122955
      SAMARA BOBER
      FBN: 0156248