UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case 8:20-cv-01368-VMC-SPF

CHRISTINA SERIO,

    Plaintiff,

v.

FLORISCAPE, LLC, a Florida limited
liability company, DAVID B. BAKER, an individual,
and JENNIFER R. BAKER, an individual,

    Defendants.
_____/

# JOINT MOTION TO APPROVE SETTLEMENT
# AND DISMISS CASE WITH PREJUDICE AND INCORPORATED
# MEMORANDUM OF LAW

The Plaintiff, CHRISTINA SERIO, and Defendants, FLORISCAPE, LLC, JENNIFER R. BAKER and DAVID B. BAKER (hereinafter, jointly and severally, and collectively, the "Defendants") jointly move this Court for approval of their Settlement Agreement and to Dismiss Case With Prejudice, and state as follows:

The Plaintiff filed a one (1) Count Complaint pursuant to the Fair Labor Standard Act ("FLSA"), alleging Defendants failed to pay premium ("overtime") wages for hours worked in excess of 40 hours per week. The Defendants filed its Answer & Affirmative Defenses (ECF 11) disputing all Plaintiff's claims, and claiming Plaintiff was paid properly at all times.

After the Defendants filed their Answer & Affirmative Defenses, the Plaintiff's counsel contacted Defendants' counsel about *additional, non-FLSA* claims the Plaintiff had against the Defendants, and expressed the Plaintiff's intention to file an amended Complaint related, thereto. Subsequent discussions between the Parties' counsel about those claims, as well as the pending FLSA claim, ultimately led the Parties to conclude that settlement was the most preferable

option, thereby allowing the Parties (and the Court) to conserve resources, and not have to battle over a wide array of disputed facts.

The disputed facts in this case include, but are not limited to, the number of hours Plaintiff worked each week, the amount of pay the Plaintiff received each week, the accuracy of the Defendants' records, whether the Plaintiff is entitled to liquidated damages, and whether the individual Defendants have liability as "employers" under the FLSA. Also, it is not lost on the Parties that a pandemic going on, thereby creating a cloud of uncertainty regarding the local economy.

Under the terms of settlement, the Defendants have agreed to pay **$17,500.00** as follows:

1. **$3,500** for Plaintiff's attorneys' fees and costs; this amount was negotiated as a separate amount from the amounts paid, *infra;*
2. **$4,500** to Plaintiff as alleged back wages;
3. **$4,500** to Plaintiff as liquidated damages;
4. **$5,000** to Plaintiff as consideration for signing a General Release of Claims. As stated *supra,* the Plaintiff intended to pursue additional, *non-FLSA* claims against the Defendants. By entering into a *mutual* Release, where considerable consideration ($5,000) was paid separately, the Parties can move on with their lives without having to be concerned about a second round of litigation.

Pursuant to FLSA case law, FLSA claims may be settled in two ways. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (111th Cir. 1982). Second, in the context of a private lawsuit, an employee may settle and release

FLSA claims against an employer if the parties present the district court with a proposed settlement and the court approves of the fairness of the settlement. *Id*.

The resolution of the instant action involves a situation in which the Court may approve this settlement as fair and reasonable. The proposed settlement arises out of an action brought by the Plaintiff against her alleged former employers, which was adversarial in nature. The Plaintiff and Defendants agree that the instant action involves disputed issues of liability and amount of damages. Finally, as stated aforesaid, there are numerous factual disputes in this case.

The Eleventh Circuit has said "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Hamilton v. Frito-Lay,*

*Inc.,* 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (citing *Cotton v. Hinton*, 559 F.2d 1331 (5th Cir. 1977)).

This case plainly involves a situation in which the Court may allow Plaintiff to settle and release her FLSA claims against Defendants as the proposed settlement arises out of an adversarial context in which all Parties have at all times been represented by very competent counsel. "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).

The Parties stipulate that they had a bona fide dispute, as reflected by information exchanged between the parties in settlement discussions and as discussed herein with respect to the number of hours Plaintiff worked each week, the amount of pay the Plaintiff received each week, the accuracy of the Defendants' records, whether the Plaintiff is entitled to liquidated damages, and whether the individual Defendants have liability as "employers" under the FLSA. The Parties further stipulate that upon an exchange of information and documentation the Parties came to a compromise of the disputed claims and settled on the amounts provided in the Settlement Agreement which is a fair and reasonable agreement under the circumstances.

Moreover, the parties negotiated the amount of attorney's fees and costs for prosecuting the FLSA claim separately, and without regard to the amount paid to Plaintiff. As explained in *Bonetti v. Embarq Management Company,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to

reach agreement as to the plaintiffs recovery before the fees of the plaintiff's counsel are considered."

The Settlement Agreement also includes a general release. As set out above Plaintiff indicated that there were other non-FLSA claims against the Defendants that Plaintiff intended to include in an Amended Complaint and therefore the Defendants desired a general release. The Parties negotiated the amount for the general release and all other obligations under the Settlement Agreement. The amount paid for the general release was negotiated by the Parties and is a fair and reasonable amount. Florida courts have upheld general releases clauses in FLSA settlement agreements where the Plaintiff is paid additional and separate consideration for such provisions. *Smith v. Aramark Corp.,* 2014 WL 5690488, at *3–4 (M.D.Fla. 2014) (approving FLSA settlement providing separate consideration for a confidentiality and non-disparagement clause); *Caamal v. Shelter Mortg. Co., LLC,* Case No. 2013 WL 5421955, at *4 (M.D.Fla. 2013) (approving FLSA settlement providing $500.00 as separate consideration for a general release, non-disparagement clause, and waiver of future employment with defendant). Furthermore, the General Release, as well as the non-disparagement provision in the Settlement Agreement are mutual and as such provide adequate consideration to both parties.

Ultimately, the Plaintiff and Defendants agree that the settlement negotiated and reached by the Parties reflects a fair and reasonable compromise of the disputed factual and legal issues. The settlement also allows the Parties to avoid risk, have certainty and avoid unnecessary attorneys' fees and costs.

WHEREFORE, the Plaintiff and Defendants respectfully request the Court *approve* the Parties' Settlement and Dismiss Case With Prejudice, and grant the Plaintiff and Defendants such further relief as the Court deems appropriate.

Respectfully submitted this 5th day of August 2020 by,

| | |
|---|---|
| /s_Peter J. Bober, Esq. <br> Peter@boberlaw.com <br> FBN: 0122955 <br> Bober & Bober, P.A., <br> 1930 Tyler Street <br> Hollywood, FL 33020 <br> Telephone: (954) 922-2298 <br> Facsimile: (954) 922-5455 <br> *Attorneys for Plaintiff* | s/ *Amy E. Stoll, Esq.* <br> Amy E. Stoll, Esquire <br> OLDER LUNDY & ALVAREZ <br> 1000 West Cass Street <br> Tampa, Florida 33606 <br> Tel: (813) 254-8998 <br> Florida Bar No. 150959 <br> astoll@olalaw.com <br> triallawyers@olalaw.com <br> Attorney for Defendants |