# SETTLEMENT AGREEMENT

IN CONSIDERATION of the agreements set forth below, and in order to avoid further time, expense and effort associated with any and all litigation or other matters between Christina Serio (hereinafter referred to as "Serio" or "Plaintiff"), on the one hand, and Floriscape, LLC, David B. Baker, Jennifer R. Baker (hereinafter, jointly and severally, referred to as "The Company" or "Defendants"), the parties hereto agree as follows:

1) <u>Background and Intent of the Parties</u>.

   A. Plaintiff brought a lawsuit (Case 20-cv-01368-VMC-SPF (M.D.Fla.) against Defendants under the Fair Labor Standards Act 29 U.S.C. §201 *et seq.* ("FLSA") for unpaid overtime wages and also advised she intended to file an Amended Complaint in the lawsuit alleging additional claims. (the "Dispute") Defendants maintain that Plaintiff is not entitled to any relief whatsoever.

   B. The Parties desire to settle fully and finally the Dispute;

   C. Opportunity to Negotiate and Consider: The terms of this Agreement are the product of negotiations between the Parties, and the Parties stipulate that there is adequate consideration given to support the obligations of this Agreement. In executing this Agreement, Plaintiff has not relied on any representation, compromise, conduct or action made by and/or on behalf of Defendants or Defendants' attorneys. Plaintiff acknowledges that Plaintiff has been represented by and has obtained the advice of her own counsel and agrees that Plaintiff has been given a reasonable period of time to consider this Agreement. Plaintiff and Defendants confirm that they have had the opportunity to consult with their own respective counsel about this Agreement and did so to their satisfaction; they are relying on their own judgment and on the advice of their respective attorneys, and each confirm their ability to understand this Agreement and their authority to execute it; and do hereby accept the terms and conditions of this Agreement.

   D. This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, regulation, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendants specifically disclaim any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, regulation, duty or contract.

2) <u>Consideration</u>. In consideration for the promises made herein, and in full and final settlement and in satisfaction of the Dispute, Defendants will pay a total of **$17,500.00** (the "Settlement Sum")(comprised of $3,500.00 in attorneys' fees and costs, $4,500.00 in overtime damages; $4,500.00 in liquidated damages; and $5000 for a general release of all claims). The parties agree that the amount set

forth herein for attorneys' fees and costs was negotiated as a separate amount from the amounts herein to be paid to Plaintiff.

The Defendants shall deliver the Settlement Sum in two (2) checks to Defendants' counsel's office by not later than August 4, 2020: Check # 1 to "Christina Serio" for $4,500 as gross wages, less taxable applicable withholdings; and Check # 2 to "Bober & Bober, P.A. Trust Account" for $13,000.00 (to account for liquidated damages and general release to Plaintiff, and fees/costs). Defendants' counsel shall verify to Plaintiffs' counsel that the Settlement Sum funds are being held in escrow, prior to the Parties' filing a Joint Motion to Approve Settlement and Dismiss With Prejudice with the U.S. District Court.

Defendants' counsel shall deliver the Settlement Sum checks to counsel for Plaintiffs within three (3) days of the U.S. District Court entering an Order approving this Agreement and dismissing case with prejudice. Should Defendants fail to timely make payment of the Settlement Sum, Plaintiff's counsel shall give notice to attorney Amy Stoll, Esq. by email (astoll@olalaw.com) and fax (813) 839-4411 with three (3) business days to cure the default. If the Defendants do not make timely payment as set forth herein and fail to cure within the 3 business days, then Plaintiff shall be entitled to seek enforcement in an action or proceeding, and shall be entitled to file and serve on counsel for the Company an Unopposed Motion for Entry of Self-Executing Final Judgment Against Defendants, jointly and severally, for $21,000.00 less any amounts paid hereunder. In addition, should the Plaintiff need to enforce the Defendants' payment obligations hereunder, the Plaintiff shall be entitled to reasonable attorneys' fees and costs, and collection related expenses.

The Company shall issue the appropriate tax forms in connection with these respective payments. Payment of the Settlement Proceeds is in full settlement of any and all claims brought by Plaintiff including, but not limited to, in this Dispute and under the FLSA including, but not limited to, claims for unpaid wages, minimum wages, overtime, compensation of any kind, compensatory and liquidated damages, attorneys' fees and costs. In no event shall any of the Settlement Sum be distributed to Plaintiff or her counsel as payment until the U.S. District Court approves this Agreement and dismisses the Dispute with prejudice.

The parties hereto agree that after this Agreement is fully executed and Settlement Sum is being held in Escrow by Defendants' counsel, they shall promptly file a Joint Motion to Approve Settlement and Dismiss Case With Prejudice.

3) <u>Release of Wage Claims</u>. In consideration for entering into this Agreement, Plaintiff, on behalf of herself and her descendants, dependents, heirs, executors, administrators, assigns and successors, fully, finally and forever releases, absolves, discharges and gives up any and all claims for minimum wages, compensation or overtime that Plaintiff may have against the Defendants) as well as Defendants' past and present principal, agents, managers, shareholders, parent companies, subsidiaries, divisions, directors, officers, administrators,

fiduciaries, attorneys, agents, and employees (collectively "Releasees") under the Fair Labor Standards Act or the Florida Minimum Wage Amendment, or any other local, state or federal law regarding the payment of wages.

4)     <u>Mutual General Release.</u> In consideration for entering into this Agreement, and specifically for the $5000 payment in paragraph 2 hereof, Plaintiff hereby knowingly and voluntarily releases and discharges the Releasees as defined above in paragraph 3 from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, which the parties have or might have had as a result of, or in any way connected with the employment or separation of employment of the employer-employee relationship, including but not limited to claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, the Employee Retirement Income Security Act, as amended, The Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Family and Medical Leave Act, the Pregnancy Discrimination Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Genetic Information Nondiscrimination Act, the Florida Civil Rights Act of 1992, as amended, the Florida Whistleblower Act, Florida Statutes Section 440.205, and all other local, state or federal laws including but not limited to those relating to discrimination, denial or termination of any health benefit or benefits of any other kind, or any claims of breach or violation of public policy, any claims arising under the Federal or any state constitution, wrongful or constructive discharge, retaliatory discharge, breach of contract, promissory estoppel, fraud, fraudulent misrepresentation or concealment, retaliation, breach of the covenant of good faith and fair dealing, intentional and/or negligent infliction of emotional distress, outrageous conduct, interference with prospective business advantage, negligence, negligent misrepresentation or concealment, wrongful or bad faith termination, defamation and other business or personal injury, or any other claims or rights to damages, whether statutory, contractual, liquidated, compensatory, exemplary, or punitive, or rights to or claims for injunctive or equitable relief, or rights to or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever, which the parties have or might have had by virtue of any fact(s), act(s) or event(s) occurring prior to the effective date of this Agreement.

The Defendants, for themselves and on behalf of their present and former managers, officers, employees, directors, agents, subsidiaries, affiliates and anyone else who may be responsible to defend or provide possible recompense, hereby release and discharge Plaintiff, her attorneys, agents, assigns, heirs, executors, successors, administrators and personal representatives of any and all claims, demands, actions, causes of action, suits, damages, losses, costs,

expenses, and attorney's fees, and all claims of any kind and every character whatsoever, whether known or unknown, which they have or may have against her growing out of, or arising from, or pertaining to any contract, transaction, dealing, employment relationship, conduct, act, or omission existing at any time prior to the execution of the Agreement.

5) <u>Sufficiency of Consideration</u>. Plaintiff agrees that the Settlement Proceeds are made in exchange, and constitute good and valuable consideration, for her execution of this Agreement and her waiver and release of her claims brought in this Dispute or otherwise, including, but not limited to, the General Release and Release of FLSA and Florida Minimum Wage Act claims. Plaintiff further agrees that the Settlement Sum shall constitute the entire amount of monetary consideration provided to her under this Agreement and that she is not entitled to any further consideration whatsoever from Defendants in exchange for this Agreement.

6) <u>No Future Employment</u>. Plaintiff acknowledges that because of circumstances unique to Plaintiff, Plaintiff shall not apply in the future for employment with Defendants. Plaintiff acknowledges that, if Plaintiff does seek reemployment, failure to hire the Plaintiff, withdrawal of an offer of employment to Plaintiff, or if already employed, termination of Plaintiff's employment without notice or cause will not constitute retaliation or discrimination and Plaintiff will have no legal recourse against the company for such acts

7) <u>Time to Consider</u>. Plaintiff represents that she has reviewed all aspects of this Agreement and fully understands all the provisions of this Agreement, that Plaintiff understands that in agreeing to this document she is releasing all claims Plaintiff may have against Defendants described herein, that Plaintiff voluntarily agrees to all the terms set forth in this Agreement, that Plaintiff knowingly and willingly intends to be legally bound by the same, that Plaintiff was given a reasonable period of time to consider the terms of this Agreement and discuss them with legal counsel. Defendants likewise agree that they have entered in this Agreement voluntarily; that the Agreement is authorized, and that by the signature(s) below, Defendants intend to be bound by this Agreement.

8) <u>Acknowledgments.</u> Plaintiff also acknowledges that: (a) she has consulted with an attorney of her choosing concerning this Agreement; and (b) she has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Plaintiff's own judgment and/or her attorney's advice.

9) <u>Neutral Response to Employment Inquiries</u>. Defendants agree that henceforth they will respond to inquiries from prospective employers regarding Plaintiff by providing only Plaintiff's dates of employment and positions held, and shall provide a neutral reference letter on Company stationary. Defendants shall be

prohibited from providing any other information to prospective employers of the Plaintiff. It shall be a material breach of the foregoing non-disparagement clause for the Defendants to reveal to a prospective employer of Plaintiff, that Plaintiff brought litigation against the Defendants.

10) <u>No representation</u>. The Parties hereto represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any of the Parties or by any of the Parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.

11) <u>Mutual Non-Disparagement</u>: The Parties hereto recognize that their reputations are important to them. Therefore, the Parties agree not to make disparaging comments about one another. In furtherance of this, the parties agree that they shall, refrain from discussing the conduct of the other party as it relates to the Plaintiff's employment with Floriscape in any manner. This clause shall not be construed to restrict either party from discussing any matter with appropriate governmental authorities, if required due to being called as a witness before a court, or where it would be in contravention of applicable law.

12) <u>Binding Effect</u>. This Agreement shall be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said Parties and each of them and to their heirs, administrators, representatives, executors, successors, and assigns. Plaintiff expressly warrants that she has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

13) <u>Severable Provisions</u>. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

14) <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

15) <u>Applicable Law</u>. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of Florida without regard to principles of conflict of law.

16) <u>Construction of Agreement</u>. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. Each Party has had the opportunity to cooperate in the drafting and preparation of the Agreement. Hence, in any construction to be made of the Agreement, the same shall not be construed against any Party on the basis that the Party was the drafter.

17) <u>Signatures</u>. The Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic, faxed or scanned copies of such signed counterparts may be used in lieu of the originals for any purpose.

18) <u>No Waiver/All Rights Are Cumulative</u>. No waiver of any breach of any term or provision of the Agreement shall be construed to be, nor shall be deemed, a waiver of any other breach of the Agreement. No waiver shall be binding unless it is made in writing and signed by the party waiving the breach. All rights are cumulative.

19) <u>Tax Consequences</u>. Nothing contained herein shall be construed or relied upon as any advice or opinion by or on behalf of the Defendants regarding the tax treatment of the settlement payment made hereunder. Plaintiff and her attorneys also acknowledge that neither the Defendants nor any persons assisting the Defendants in any manner with negotiation or resolution of this matter have advised Plaintiff of the tax consequences, if any, resulting from monies paid under this Agreement.

20) <u>Governing Law and Interpretations</u>. The language of all parts of this Release shall be construed as a whole and according to its fair meaning and not strictly for or against either party and it is expressly understood and agreed that this Release shall be governed by and shall be construed in accordance with the laws of the State of Florida without regard to its conflict of laws provisions, and that any rule requiring construction of a document against its drafter shall not be applied in this case.

21) <u>Choice of Venue</u>. Any action seeking to enforce or collect on this Agreement will be brought before the U.S. District Court for the Middle District of Florida Tampa Division or a Court of appropriate jurisdiction in Pasco County, Florida.

22) <u>Execution of the Agreement</u>. The Parties agree that this Settlement Agreement may be executed in several counterparts and that each counterpart shall be deemed an original and that said counterparts shall constitute one and the same instrument. Fax copies shall be considered originals.

23) <u>Parties' Acknowledgment</u>. The Parties acknowledge that the terms of this Agreement are contractual and not a mere recital, and that no representation, promise or inducement has been made other than as set forth in this Agreement,

22) <u>Execution of the Agreement</u>. The Parties agree that this Settlement Agreement may be executed in several counterparts and that each counterpart shall be deemed an original and that said counterparts shall constitute one and the same instrument. Fax copies shall be considered originals.

23) <u>Parties' Acknowledgment</u>. The Parties acknowledge that the terms of this Agreement are contractual and not a mere recital, and that no representation, promise or inducement has been made other than as set forth in this Agreement, and that each Party enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that she/it understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted.

BY YOUR SIGNATURE, YOU AGREE TO THE TERMS SET FORTH ABOVE.

**Plaintiff:**

_____  _____
Date                    Christina Serio

**Defendants:**

Floriscape, LLC
__8/3/20_____  By: _[signature]_____
Date                    Its _Owner_____

__8/3/20_____  _[signature]_____
Date                    David B. Baker

__8/3/20_____  _[signature]_____
Date                    Jennifer R. Baker

and that each Party enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein.  The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that she/it understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted.

BY YOUR SIGNATURE, YOU AGREE TO THE TERMS SET FORTH ABOVE.

**Plaintiff:**

08 / 01 / 2020

Date

Christina Serio

**Defendants**:

Floriscape, LLC
By: _____
Date
Its _____

_____
Date

David B. Baker

_____
Date

Jennifer R. Baker

